NICHOLAS KARRIGER, Respondent, *v.* WILLIAM GREB, Appellant.

1. *Practice — Instructions.* — The refusal by the court to pass upon instructions may be taken as a refusal to give them.
2. *Instructions — Evidence.* — There is no error in refusing to give instructions not sustained by any evidence.

*Appeal from St. Louis Circuit Court.*

*T. S. Espy*, for appellant.

The court erred:

I. In declining to pass upon instructions tendered by defendant. The "instructions shall be in writing" — " and shall be given or refused " — R. S. Mo. 677, § 47.

II. In overruling defendant's motion for a new trial on the ground of after-discovered evidence, an affidavit of defendant accompanying motion.

*Woerner & Kehr*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit for services as a bar-tender. There was a verdict and judgment for the plaintiff for $165.50. The defense was that the plaintiff was discharged on account of his embezzling the moneys received at the bar, with a counter claim for $800 so embezzled. The plaintiff and defendant were the only witnesses. The plaintiff positively denied any embezzlement. The defendant could state only that he believed he had embezzled, but nothing more. He could not prove the fact or the amount.

No instructions were given for the plaintiff. Two instructions were asked for by the defendant, which, it appears, the court refused to pass upon. This may be taken as a refusal to give them. But there was no evidence before the jury on which to base them, and there was therefore no error in refusing them.

The defendant moved for a new trial, on the ground of newly

discovered evidence. He had merely forgotten something when on the stand as a witness. This discovery was no ground for a new trial.

There is no error for which the judgment ought to be reversed. Affirmed. The other judges concur.